AFFIRMED.

ED REYNOLDS v. WILLIAM M. SMITH.

FILED MAY 2, 1900. No. 9,208.

Preferring Creditor. An insolvent corporation may not prefer a creditor of one of its officers and stockholders. *Ingwersen v. Edgecombe*, 42 Nebr., 740; *Tillson v. Downing*, 45 Nebr., 549; *Seeds Dry-Plate Co. v. Heyn Photo-Supply Co.*, 57 Nebr., 214, followed.

ERROR to the district court for Wayne county. Tried below before ROBINSON, J. *Reversed.*

*Wright & Thomas* and *Wright & Stout*, for plaintiffs in error.

*Milchrist & Robinson* and *A. A. Welch, contra.*

NORVAL, C. J.

This case was tried in the court below, without a jury, on an agreed statement of facts, from which we gather that, in May, 1895, one Hood and wife purchased a stock of goods from one William M. Smith, giving him therefor their certain promissory notes. After conducting business for some months succeeding this purchase, the Hoods and one Zienert formed a corporation under the name of the Wayne Clothing Company, turning over to it said stock of goods in payment for its share of stock. Of this corporation Zienert was president, and Hood secretary and treasurer. After the corporation was formed, it, by its said president and secretary, executed and delivered to Smith its promissory notes for the amount of the debt owing by Hood to Smith for said stock of goods, that debt being the only consideration on which said notes were based, and secured their payment by a chattel mortgage on the goods. There is nothing in the statement of facts to show that by this transaction the debt from the Hoods to Smith was cancelled. This mortgage was afterwards foreclosed by Smith, he bidding in the property at the sale. It appears, as a necessary conclusion from the facts agreed upon, that at the time this chattel mortgage was executed, said corporation was in debt to an amount exceeding its assets, and was in fact insolvent. After the foreclosure sale, and while Smith was in possession of the goods, they were attached in a suit instituted by one of the creditors of the corporation, and Smith replevied them from the sheriff, Ed Reynolds, the defendant below. On trial, judgment in favor of Smith was rendered, and the sheriff brings this case to this court on petition in error.

In rendering its judgment in favor of Smith, the lower court erred. While the notes and mortgages mentioned were directly from the corporation to Smith, there was no novation, but the debt of the Hoods to Smith still existed, so far as the record discloses, and the legal effect

of this transaction was therefore nothing other than that of the corporation constituting itself a surety for the debt of the Hoods, one of whom was an officer and stockholder in the corporation. By the foreclosure proceedings, the creditor of an officer and stockholder of the corporation was preferred to its general creditors, it being insolvent. The transaction, then, was a fraud upon these other creditors, and illegal. *Ingwersen v. Edgecombe*, 42 Nebr., 740; *Tillson v. Downing*, 45 Nebr., 549; *Seeds Dry-Plate Co. v. Heyn Photo-Supply Co.*, 57 Nebr., 214. An insolvent corporation can no more legally prefer a creditor of one of its officers than it can such officer or stockholder directly.

Under the facts as agreed upon, the judgment must be reversed, and the lower court is instructed to render judgment in accordance with this opinion.

REVERSED AND REMANDED.